## Van Valtenburg v. Alberry.

1. CHANCERY PRACTICE. Under the chancery practice, an answer to a bill should be signed and sworn to.
2. SAME. A cross-bill not under oath, does not stay proceedings on the original bill; and complainant will not be required to answer it, until the respondent has answered the original bill.
3. REMITTITUR. An excess in the judgment below may be remitted in the appellate court, where judgment will be rendered for the amount actually due, the appellee paying the costs of the appeal.

*Appeal from Jones District Court.*

FRIDAY, DECEMBER 30.

BILL in equity to foreclose a mortgage. The respondent answered, but not under oath. After this respondent filed what is called a cross-bill, or "an answer by way of cross-bill." Complainant moved to strike the answer from the files, because it was not sworn to. This motion was sustained. Decree in favor of complainant, and respondent appeals.

*Henry & McCarn* for the appellant, relied upon *Field* v. *Scriffelin,* 7 John. Ch. 252; *May* v. *Armstrong,* 3 J. J. Marsh. 262; *David* v. *Morrison,* 6 Dana 186; *Governeur* v. *Elwindorf,* 4 John. Ch. 357; 3 Dan. Ch. Pr. 1806; *Patterson et al.* v. *Hull et al.,* 9 Cow. 747.

*George W. Field* for the appellee, cited 3 Dan. Ch. Pr. 1809; Story's Eq. Pl. section 401; Mitford's Eq. Pl. by Jeremy 81; 2 Paige 164; 1 Smith's Ch. Pl. and Pr. (2 Am. Ed.) 464; *Young* v. *Potts,* 4 Wash. C. C. 521.

WRIGHT, C. J.—The parties unite in presenting this case as one to be governed by the equity practice, and not by any of the provisions of the Code.

As thus considered, there is no fair room for doubt upon the questions made. It was the right of the complainant to require a sworn answer. An answer should be regularly signed and sworn to. 2 Danl. chapter 845, Story's Eq. Pl. 874, and cases cited in notes.

If the paper last filed by respondent is to be treated simply as an *answer,* then the motion reached that, and as it was not sworn to, it placed the respondent in no better condition. If treated as a cross-bill, then not being sworn to, it could not stay proceedings in the original bill. Not only so, but respondent could not require an answer to it until he had answered the original bill.

We may add that this paper can hardly be called a cross-bill. According to strict equity practice, it is wanting in many of the material requisites of such a bill. As an answer it covers the same, and all the ground covered by the first filed and in fact in effect superseded it.

Complainant admits that the decree is for a greater sum than he was entitled to under his petition. The excess he remits, and asks a decree in this court for the amount claimed with interest at ten per cent, from the time of commencing his action (September 15, 1858.) To this he is entitled, and the decree will be so entered, appellee paying the costs of this appeal.